# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. JOHNSON,<br><br>        Petitioner,<br><br>v.<br><br>SHERIFF RICHARD PIERCE,<br><br>        Respondent. | ) CV F 03 5701 REC WMW HC<br>)<br>) FINDINGS AND RECOMMENDATIONS RE<br>) PETITION FOR WRIT OF HABEAS CORPUS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

<u>PROCEDURAL HISTORY</u>

On September 8, 2000, in the Fresno County Superior Court, Petitioner pled no contest to one count of molesting or annoying a child, in violation of California Penal Code section 647.6(a). Petitioner was ordered to discontinue teaching and undergo weekly counseling.

On November 21, 2000, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fifth Appellate District ("Court of Appeal"). On December 21, 2000, Petitioner sent a letter to the court requesting a stay. On February 8, 2001, the court denied the petition.

On September 10, 2001, Petitioner failed to appear at his sentencing hearing and was

arrested shortly thereafter. Petitioner was sentenced to three years probation and 365 days in custody, with all but 45 days suspended. Petitioner was required to register as a sex offender and participate in a twelve-step program for his alcoholism.

On January 10, 2002, Petitioner again requested a stay of execution. The stay was denied and Petitioner was incarcerated. However, on June 21, 2002, the Appellate Division of the Fresno County Superior Court granted Petitioner's motion for stay of execution of judgment pending appeal. On December 9, 2002, the Appellate Division affirmed Petitioner's conviction and sentence.

On February 3, 2003, Petitioner filed a petition for writ of mandate and request for stay in the Court of Appeal. On February 11, 2003, the court denied petition and request.

On March 10, 2003, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal. The Court of Appeal denied the petition on April 10, 2003. On April 18, 2003, Petitioner filed a petition for review in the California Supreme Court. On May 21, 2003, the court denied the petition.

On May 23, 2003, Petitioner filed the instant federal petition for writ of habeas corpus. Petitioner alleges: (1) his guilty plea was unlawfully induced and not voluntary; (2) his right to a fair and speedy trial was violated; and (3) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed on May 23, 2003, after the enactment of the AEDPA, thus it is governed by its provisions.

Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

3

criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Voluntariness of Plea

Petitioner contends that he was denied his right to due process because his plea of guilty was unlawfully induced and was involuntary. Petitioner claims that his court-appointed attorney did not appear on July 21, 2000, and was not prepared for trial on August 3, 2000. At that time, counsel was granted a continuance over Petitioner's objection. Petitioner claims that on September 7, 2000, he became mentally distressed and was incompetent. He claims therefore that the trial court's colloquy with him on that date concerning whether he wished to represent himself was an unreasonable constraint on his thought process. He claims that the only way he could receive medical attention was by withdrawing his Faretta motion, or he would have been forced to pick jurors while lacking sufficient mental capacity.

The claims raised in the present petition were previously raised in Petitioner's petition for writ of habeas corpus filed in the Court of Appeal and petition for review filed in the California Supreme Court. However, the courts denied both of those petitions without comment. When the California Supreme Court has summarily denied a claim without giving a rationale, this is considered a denial "on the merits," and is presumed to rest on grounds articulated by a lower court in its written opinion. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991); Hunter v. Aispuro, 982 F.2d 344, 347-348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). A reviewing court may then "look through" the unexplained summary denial, and apply the deferential standard of 28 U.S.C. 2254(d), to the lower state court's reasoned decision. However, when there is no state court decision articulating

a rationale, a reviewing court "has no basis other than the record" for determining whether the state court decision merits deference under 28 U.S.C. 2254(d)(1). Delgado, 223 F.3d at 981-82. In such circumstances, a reviewing court can still apply the "objectively reasonable" standard of Williams to the state court decision. This does not mean *de novo* review by the federal court, but rather "an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law." Thomas v. Hubbard, 273 F.3d 1164, 1170 (9th Cir.2001); Bailey, 263 F.3d at 1028; Delgado, 223 F.3d at 982.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). In determining whether a plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption of verity to the declarations made by a defendant in open court. Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74. Furthermore, Petitioner's allegations of a coerced plea must be specific and point to a real possibility of a constitutional violation. "[S]ubsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74, *citing* Machibroda v. United States, 368 U.S. 487, 495-496 (1962); Price v. Johnston, 334 U.S. 266, 286-287 (1948).

The court finds that in neither his petition nor his reply does Petitioner demonstrate that his plea was not voluntary or not knowingly made. Boykin v. Alabama, 395 U.S. 238 (1969). Rather, Petitioner describes the circumstances of his plea but does not demonstrate that he was forced into his plea in any way. The following is the colloquy regarding Petitioner's plea:

THE COURT: All right. Mr. McGinnis, have you reviewed the plea form request with your client?

MR. MCGINNIS: Yes, Your Honor.

THE COURT: Are you confident the client understands the rights he's giving up and the consequences of his plea?

1   THE DEFENDANT: Yes, I am.

2   THE COURT: Do you stipulate to a factual basis pursuant to People v. West?

3   MR. MCGINNIS: So stipulated.

4   THE COURT: Mr. Johnson, I've shown you this plea form. I saw him going over it with you.

5   But you reviewed it with him; is that correct?

6   THE DEFENDANT: Yes.

7   THE COURT: Did you understand the form, sir?

8   THE DEFENDANT: Yes, Your Honor.

9   THE COURT: Did you sign and initial it?

10  THE DEFENDANT: Yes, Your Honor.

11  THE COURT: Did you understand that you are giving up certain Constitutional rights by

12  pleading no contest and voluntarily?

13  THE DEFENDANT: Yes, Your Honor.

14  THE COURT: Mr. Johnson, have any promises been made to you off the record by anyone

15  regarding what will happen to you or this case other than the agreement that has just been recited

16  by the Court and agreed to by the People's representative and by your representative and by you

17  today just now?

18  THE DEFENDANT: No, Your Honor.

19  MR. MCGINNIS: Other than that, Your Honor, I did tell my client that I would represent him in

20  that drunk driving case that is pending. That's not in the plea agreement or anything.

21  THE COURT: Has no bearing.

22  MR. MCGINNIS: I'm doing it.

23  THE COURT: That is no bearing on this; is that correct, Mr. Johnson?

24  THE DEFENDANT: Yes, Your Honor.

25  THE COURT: Yes, that's correct.

26  MR. MCGINNIS: Yes, that's correct.

27  THE COURT:   So how do you plead to the charge of violation of Penal Code Section 647.6(a),

28  a misdemeanor?

6

THE DEFENDANT: No contest, Your Honor.

THE COURT: Are you pleading freely and voluntarily?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. The Court finds that there is a factual basis for the plea; that the plea and waivers were made knowingly and intelligently and voluntarily and the Court accepts the plea as stated. Do you waive time for arraignment for judgment?

MR. MCGINNIS: So waived, Your Honor.

THE COURT: And is there an Arbuckle waiver as well?

MR. MCGINNIS: May we decline an Arbuckle waiver at this time, given the nature of the plea and the negotiates?

THE COURT: Yes.

MR. MCGINNIS: Thank you, Your Honor.

September 8, 2000 hearing, R.T. at 11 -21.

The court finds nothing in this colloquy which supports Petitioner's claim that his plea was entered involuntarily. The court finds, therefore, that Petitioner has failed to carry his burden of demonstrating that the state court's decision on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This court must conclude that this issue presents no basis for habeas corpus relief.

Denial of Speedy Trial

Petitioner contends that he was not given a fair and speedy trial. On August 21, 200, the court granted a continuance over Petitioner's objection, which Petitioner claims violated California Penal Code section 1382 and 1050. Insofar as Petitioner claims a violation of state law, his claim is not cognizable on habeas corpus. Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083,

1084-85 (9th Cir.1985).

Even if Petitioner is attempting to state a federal Constitutional claim, he has failed to carry his burden in this habeas corpus petition. "The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." Doggett v. U.S., 505 U.S. 674, 651 (1992); see also United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir. 1993). Although the Sixth Amendment Speedy Trial Clause is broad on its face, its breadth has been qualified by case law which recognizes the relevance of four separate enquiries: (1) whether delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result. Doggett, 505 U.S. at 651; see also Barker v. Wingo, 407 U.S. 514, 530 (1972.)

Doggett breaks the first inquiry, length of delay, into two steps. Doggett, 505 U.S. at 652-653; Beamon, 992 F.2d at 1012. To trigger a speedy trial inquiry, an accused must show that the period between indictment and trial passes a threshold point of "presumptively prejudicial" delay. Beamon, 992 F.2d at 1012. If this threshold is not met, the court does not proceed with the Barker factors. Id. If, however, the threshold showing is made, the court considers the extent to which the delay exceeds the threshold point in light of the degree of diligence by the government and acquiescence by the defendant to determine whether sufficient prejudice exists to warrant relief. Id.

Under Doggett, the court found that lower courts generally found postaccusation delay "presumptively prejudicial" at least by the time the delay reaches one year. Doggett, 505 U.S. at 652 n.1. In this case, Petitioner was arraigned on June 20, 2000, and asserted his right to trial on July 27, 2000. Petitioner subsequently accepted the People's plea offer on September 8, 2000, less than 90 days after he was arraigned. Based on its review of the events in trial court, this court finds that Petitioner has not made the required threshold showing of presumptively prejudicial delay so as to require further analysis. Accordingly, the court concludes that Petitioner has failed to carry his burden of demonstrating that the state court's decision on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This court must conclude that this issue presents no basis for habeas corpus relief.

Ineffective Assistance of Counsel

Petitioner contends that he was deprived of his right to effective assistance of counsel. Petitioner bases this contention on the fact that trial counsel was not prepared for trial on August 3, 2000, which resulted in the court granting a 30 day continuance.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)(quoting Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, a petitioner must show that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985).

In this case, Petitioner completely fails to show either that the advice given by counsel was less than reasonably competent or that absent any deficiency on the part of trial counsel, he would not have pleaded guilty and would have insisted on going to trial. Essentially, Petitioner presents nothing to this court except his conclusory allegation that counsel was ineffective because on August 3, 2000, counsel sought to continue the trial to conduct further investigation. The court finds that this shows no deficiency on the part of trial counsel and, moreover, no prejudice to Petitioner. The court finds, therefore, that Petitioner has failed to carry his burden of

demonstrating that the state court's decision on this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). This court must conclude that this issue presents no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    March 24, 2006**                          **/s/  William M. Wunderlich**
mmkd34                                         UNITED STATES MAGISTRATE JUDGE